Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Steven Andrew Pallas

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANDREW PALLAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PETALUMA; OFFICER PAUL ACCORNERO and DOE PETALUMA POLICE OFFICERS 1-25;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Malicious Prosecution 42 U.S.C §1983;**<br>**2. False Arrest 42 U.S.C §1983;**<br>**3. Negligence;**<br>**4. False Imprisonment**<br>**4. BANE ACT Violation**<br><br>**DEMAND FOR JURY TRIAL** |

1

**INTRODUCTION**

Plaintiff, demanding a jury trial, bring this civil rights action against Defendants City of PETALUMA, Police Officer Paul Accornero, and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and therefore allege as follows:

The plaintiff was falsely arrested and subsequently maliciously prosecuted for defending himself against Christopher Gibson, who previously had threatened the plaintiff's wife several times as well as the plaintiff's neighbor for reporting multiple times to the Petaluma Police Department that methamphetamine and heroin were being distributed from a barber shop associated with Gibson, located next door to a lighting store owned by the plaintiff's wife.

**I. PARTIES**

1. Plaintiff Steven Andrew Pallas, is an individual who resides in the city of Petaluma Ca. At all times relevant to this complaint, this Plaintiff has lived in Petaluma California, which is located within the Northern District of California.

2. Defendant City of Petaluma is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. Petaluma is a municipality located within the Northern District of California.

3. Defendant Petaluma Police Officer Paul Accornero is an individual and was a police officer employed by the City of Petaluma at all times relevant to this complaint. This Defendant is being sued in his individual capacity.

4. Defendant Does Petaluma Police Officers 1-25 are defendants whose identities are unknown to Plaintiffs, but upon ascertaining these individuals' identities, the Plaintiff will seek leave to amend to name these people as defendants in this case.

5. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Eighth Amendment and Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the County of Sonoma, which is located in the Northern District.

## III. STATEMENT OF FACTS

8. On March 24, 2017 Christopher Gibson entered the plaintiff's wife's (Mimi Pallas) store, Petalumen's Lighting at approximately 4:30pm. He threatened the plaintiff's wife stating " she better stop commenting in the paper" and then makes a gesture with his hand mimicking a gun, as if to say she would be killed. Gibson also says he knows who the plaintiff's wife is, but she does not know who he is. After Gibson left the store, the plaintiff's wife went on Facebook and figured out that his name is Christopher Gibson.

9. On April 20, 2017, while the plaintiff's wife was pruning the roses in her store yard, Christopher Gibson comes up to her and her friend who was helping her and begins threatening her again in the same manner as the previous incident.

10. On June 15, 2017, the plaintiff's wife filed a police report with Petaluma Police Officer Giomi naming Gibson as the person who had threatened her twice and she gave Officer Giomi a picture of Gibson that she had downloaded from Facebook. However, Giomi failed to act competently on this information.

11. On June 21, 2017, at approximately 6:22pm Christopher Gibson trespassed on the plaintiff's neighbor, Tom's, property, smoked an illegal substance, and threatened to kill Tom and his children.

12. On June 21, 2017, at approximately 8:45pm, plaintiff and his wife were walking back from having dinner. The owner of the barber shop were the drug activity was taking place, and Gibson were standing at the door of the barber shop and stared at them.

13. On June 26, 2017, the plaintiff's wife filed for a restraining order against Christopher Gibson, but it was denied.

14. On November 2, 2017, Christopher Gibson who had previously verbally threatened the plaintiff's wife and their neighbor entered into Ray's Deli and Tavern located at 900 Western Avenue, Petaluma, Ca 94952.

15. Gibson walked into the tavern with his dog (Boxer Breed) on a leash and stood in the doorway of the tavern talking with Eli, the owner of the business.

16. The plaintiff subsequently walked into the tavern and sat down to order a beer.

17. While the plaintiff was sitting down trying to enjoy his beer, Gibson approached the table where plaintiff was sitting down and stated "hey, you're the fucktard who owns the building and lighting store down the street"

18. After hearing this statement made by Gibson, the plaintiff then stood up and asked Gibson if he was the person who had been threatening his wife.

19. At that very moment, Gibson began to raise his hand toward the plaintiff's direction. The plaintiff who believed that he was going to be immediately attacked by Gibson, struck Gibson with a headbutt, placed Gibson in a control hold and asked for the owner of the tavern to call the Petaluma police.

20. Defendant officer Accornero subsequently arrived and was informed by the owners of the tavern that Gibson was the aggressor and provoked the plaintiff and that Gibson had been a trouble maker, acting violent in the recent past inside the tavern with the owner.

21. Despite hearing this information, defendant Accornero arrested the Plaintiff and charged him with violating Penal Code Section 244.5(b), a felony and Penal Code Section 242, a misdemeanor.

22. Both of these criminal charges were subsequently dismissed after the Plaintiff was forced to vigorously fight against the charges in court for over several months.

23. Plaintiff filed a timely government claim against Defendants pursuant to California Government Code §910, et seq. Plaintiff's claims were subsequently rejected by the City of Petaluma on June 26, 2018.

**Plaintiff v. Defendant Officers (Federal Constitutional Claim)**

*Malicious Prosecution*

24. The defendant officer acting with malice, caused the initiation of false charges to be filed against the plaintiff subjecting the plaintiff to **malicious prosecution** which deprived him of his right to be free from unreasonable seizure of his person under the Fourth Amendment to the United States Constitution.

25. That the defendant officer was actively involved in causing the plaintiff to be prosecuted for the charges of California Penal Code Sections 244.5(b), and 242;

26. That the criminal proceeding regarding these charges ended in plaintiff's favor when the criminal charges were dismissed;

27. That no reasonable person in the defendant officer's same position would have believed that there were grounds for causing the plaintiff to be arrested or prosecuted based on the above-listed charges because the defendant officer had knowledge that the plaintiff was acting in self-defense.

28. That the defendant officer acted primarily for a purpose other than to bring the plaintiff to justice because he had knowledge that the plaintiff had not committed the criminal offenses that the defendant falsely alleged that he committed and yet arrested the plaintiff and charged him with these crimes anyway.

29. That the plaintiff was harmed based on this malicious prosecution; and

30. That the defendant officer's conduct was a substantial factor in causing plaintiff's harm.

***False Arrest***

31. The defendant officer caused the plaintiff to be **_falsely arrested_** without probable cause, which deprived the plaintiff of his right to be free from unreasonable seizures of his person under the Fourth Amendment of the United States Constitution.

32. That the defendant officer arrested plaintiff without a warrant and without probable cause that he committed any crime because the officers had specific knowledge that the plaintiff was not breaking the law in any form or fashion when he detained him and ultimately arrested him for the charges that he falsely alleged that the Plaintiff committed.

33. That plaintiff was actually harmed by being falsely arrested; and

34. That the defendant officer's conduct was a substantial factor in causing the plaintiff's harm.

**Plaintiff v. Defendant Officer (State Negligence Claim)**

35. By virtue of the foregoing, defendant owed plaintiff a duty of due care not to cause the plaintiff physical harm, or to cause him to suffer false arrest or false imprisonment, and that this duty was breached by the defendant's negligence and failure to exercise due care in handling the plaintiff.

36. The defendant officer is liable for all injuries caused by his acts, causing the plaintiff to suffer harm based on his negligence to the same extent as a private person pursuant to California Government Code Section 820(a).

37. The defendant as a public employee is not exonerated or immune from liability for negligence for causing the plaintiff to suffer harm pursuant to California Government Code Section 820.8.

38. As a direct and proximate cause of the aforementioned acts of defendant, plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

**Plaintiff v. Defendant City of Petaluma (State Negligence Claim)**

39. Because the individual defendant was acting as an agent, servant, and or employee of defendant City of Petaluma, and because the individual defendant was acting within the scope and course of his employment, and under the direct control and supervision of defendant City of Petaluma, defendant City is liable to the plaintiff for negligence pursuant to California Government Code §815.2.

**Plaintiff v. Defendant Officers (State False Imprisonment Claim)**

40. Defendant officer in performing his ministerial functions as a Petaluma Police officer illegally caused the plaintiff to be restrained and confined within a bounded area without his consent and that he was aware of, by having him arrested without having any reasonable or probable cause to believe that the plaintiff committed any crime.

41. Defendant did in fact cause the plaintiff to be falsely imprisoned without provocation, necessity or legal justification, in a manner that was likely to, and did in fact, cause plaintiff's harm.

42. The defendant officer is liable for all injuries caused by his acts, causing the plaintiff to be falsely imprisoned to the same extent as a private person pursuant to California Government Code Section 820(a).

43. Defendant officer as a public employee is not exonerated or immune from liability for the act of false imprisonment pursuant to California Government Code Section 820.4.

### Plaintiff v. Defendant City of Petaluma (State False Imprisonment Claim)

44. Because the individual defendant was acting as an agent, servant, and or employee of defendant City of Petaluma, and because the individual defendant was acting within the scope and course of his employment, and under the direct control and supervision of defendant City of Petaluma, defendant City is liable to the plaintiff for false imprisonment pursuant to California Government Code §815.2.

### Plaintiff v. Defendant Officer (52.1. Civil Rights Violation)

45. That defendant officer interfered with the plaintiff's Fourth Amendment right to be free from unlawful detention of the plaintiff's person.

46. That upon observing the defendant detaining and arresting the plaintiff, he reasonably believed that if he exercised his right to be free from unlawful detention that the defendant would commit violence against him.

47. That the defendant officer injured the plaintiff to prevent him from exercising his right to be free from unlawful detainment.

48. That the plaintiff was harmed because he suffered severe emotional stress as a result of this conduct by the defendant officer; and

49. That the defendant officers conduct of unlawfully detaining and arresting the plaintiff was a substantial factor in causing his harm.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual Defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

LAW OFFICE OF STANLEY GOFF

Dated: December 26, 2018     _____/s/ STANLEY GOFF_____
STANLEY GOFF
Attorneys for Plaintiff Steven Pallas